IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PRISCILLA CHAVEZ-HELVEY

Plaintiff,

vs.

TELECHECK SERVICES, INC.,

Defendant.

**COMPLAINT FOR DAMAGES**

**Introduction**

1.    Ms. Chavez-Helvey's credit report contains an error.  This error prevents her from writing

checks.  The defendant refuses to correct the error, despite written proof from the bank

that Ms. Chavez-Helvey did nothing wrong.  She brings suit to clear her credit reputation.

**Jurisdiction**

2.    This Court has jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

1681p, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), and

under 28 U.S.C. §§1331, 1337.

**Parties**

3.    Plaintiff Priscilla Chavez-Helvey resides in Bernalillo, New Mexico.  She is a

"consumer" as defined by §1681a(c) of the FCRA.

4.    Defendant TeleCheck Services, Inc. ("Telecheck") is a foreign corporation which is a

"consumer reporting agency" as defined by §1681a(f) of the FCRA.  Telecheck assembles

or evaluates consumer credit information or other information on consumers for the

purpose of furnishing consumer reports to third parties and uses means of interstate

commerce for the purpose of preparing or furnishing consumer reports.  Telecheck

regularly collects or attempts to collect debts owed or due or asserted to be owed or due

another.  It has been engaged by multiple creditors to do so.  Telecheck is a "debt

collector" as defined by 15 U.S.C. § 1692a(6).  Telecheck maintains a database of

dishonored checks and publishes lists of consumers, which merchants use to decide

whether to allow a customer to write checks to them.

## FACTS

5.   Ms. Chavez-Helvey maintains a checking account with Kirtland Federal Credit Union.

6.   On November 12, 2006 Ms. Chavez-Helvey wrote and cashed a check for $30.

7.   When she received her statement the following month, she discovered that particular

check had been charged against her credit union account twice.

8.   She called the credit union, which acknowledged the error and said it would credit back

to her account one of the $30 charges.

9.   The credit union had her sign a "stop payment" request pertaining to the $30 overcharge.

10.  Her January, 2007 credit union statement showed the overcharge had been reversed.

11.  In reliance on that statement, she wrote additional checks on her account.

12.  On February 1, 2007 Ms. Chavez-Helvey wrote and cashed check #5404 for $30.

13.  Unknown to Ms. Chavez-Helvey, Kirtland Federal Credit Union returned check #5404 as

a "stop payment" on the account.

14.  The reason for the "stop payment" on check #5404 was that the credit union mistakenly

thought the "stop payment" request for the prior overcharge applied to check #5404.

15.  On February 9 and 10, 2007 Ms. Chavez-Helvey wrote other checks, which were refused

by the merchants.

16. She received slips from the merchants explaining that they could not accept her checks based upon information supplied by Telecheck.

17. In April, 2007 Ms. Chavez-Helvey's mother also began having problems cashing checks on her own bank account.

18. The mother also received slips from the merchants explaining that they could not accept her checks based upon information supplied by Telecheck.

19. When Ms. Chavez-Helvey researched that denial, she learned that the mother's check writing privileges were blocked because Ms. Chavez-Helvey was associated with her mother's checking account.

20. Ms. Chavez-Helvey spent considerable time talking, meeting and writing to her credit union, the merchants and Telecheck.

21. Ms. Chavez-Helvey disputed with Telecheck that she had been responsible for issuing a dishonored check.

22. She asked Kirtland Federal Credit Union to prepare and send a letter to TeleCheck, explaining the situation, in connection with her dispute.

23. The credit union sent a letter April 18, 2007, which states that the check was dishonored due to a credit union error.  The letter also states specifically that, "this was not our members [sic] fault."

24. Ms. Chavez-Helvey disputed the entry on her credit report and requested that Telecheck investigate the inaccuracy, which Telecheck failed to do in a reasonable manner.

25. Telecheck failed to review and consider all relevant information submitted by Ms. Chavez-Helvey in connection with her dispute.

26.     Telecheck disregarded the letter showing that Ms. Chavez-Helvey had not been responsible for issuing a dishonored check.

27.     Upon information and belief, Telecheck published lists of debtors who allegedly refused to pay their debts and included Ms. Chavez-Helvey's name on the lists.

28.     Ms. Chavez-Helvey has been unable to write checks to a number of merchants as a result of the information published by and appearing in her consumer file with Telecheck.

29.     Ms. Chavez-Helvey disputed the erroneous credit reporting with Telecheck one more time, in writing, April 18, 2008.  She enclosed the letter from Kirtland Federal Credit Union to document the dispute.

30.     Telecheck refused to respond to that letter.

31.     Telecheck willfully disregarded the facts and persists in reporting information that it knows or should have known to be inaccurate and damaging to Ms. Chavez-Helvey.

32.     Ms. Chavez-Helvey is damaged because the damage to her credit reputation means she cannot write checks to pay for goods or services, or to obtain cash, at many places of business.

33.     Ms. Chavez-Helvey also has suffered damages in the form of lost time, inconvenience, embarrassment, aggravation and frustration.

## First Claim for Relief: Violations of the FCRA

34.     The credit reporting agency failed to maintain reasonable procedures to ensure the maximum possible accuracy of the consumer credit information it reported concerning Ms. Chavez-Helvey.

35.     The credit reporting agency:

        a.      failed to respond to a dispute and request for investigation filed by Ms. Chavez-

Helvey;

b.      failed to review and consider all relevant information submitted by Ms. Chavez-Helvey in connection with her disputes;

c.      failed to conduct a genuine and reasonable reinvestigation in response to Ms. Chavez-Helvey's dispute;

d.      Persisted in reporting information that it knew or should have known to be inaccurate and damaging;

e.      failed to delete inaccurate information from Ms. Chavez-Helvey's credit report;

f.      Failed to follow reasonable procedures to assure maximum possible accuracy.

36.     The actions and inactions of the credit reporting agency were willful, or, in the alternative, negligent violations of the FCRA, including 15 U.S.C. §§ 1681e and 1681i.

37.     Ms. Chavez-Helvey is entitled to actual damages, punitive damages, costs and reasonable attorney's fees.

### Second Claim for Injunctive Relief under the Unfair Practices Act

38.     The credit reporting of Ms. Chavez-Helvey's dishonored check constitutes a violation of the New Mexico Unfair Practices Act, § 57-12-1 *et seq.* NMSA.

39.     Defendant knowingly and willfully engaged in the violation of the UPA.

40.     Plaintiff is entitled to injunctive relief under that Act, as well as under the court's inherent power to award equitable relief, to enjoin the inaccurate credit reporting, which causes irreparable injury.

### Third Claim for Relief: Violations of the FDCPA

41.     Upon information and belief, Telecheck violated the FDCPA,15 U.S.C. §1692d(3) in that it published lists of debtors who refuse to pay their debts and included Ms. Chavez-

Helvey's name on the lists.

42.     Ms. Chavez-Helvey is entitled to recover actual and statutory damages, costs and

reasonable attorney fees under 15 U.S.C. §1692k.

WHEREFORE, Plaintiff prays that this Honorable Court:

A.     Award actual damages and punitive damages for Defendant's violations of the

FCRA;

B.     Award statutory and actual damages for violations of the FDCPA;

C.     Enjoin defendant from incorrectly reporting a dishonored check;

D.     Award reasonable attorney's fees and costs; and

E.     Provide such further relief this Court deems just and equitable.


Respectfully submitted,

_E-filed February 26, 2009_
Richard N. Feferman
FEFERMAN, WARREN & TREINEN, P.A., Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773